SKINNER et al. v. EATON, Collector of Internal Revenue.

No. 46.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1930.

E. F. Donaghue, of New York City, for appellants.

John Buckley, U. S. Atty., and John A. Danaher, Asst. U. S. Atty., both of Hartford, Conn., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Eldon O. Hanson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

William C. Skinner, in his lifetime, paid taxes on returns filed in 1917, 1918, and 1919, and now his executors seek recovery for excess profits taxes due to errors made in computing the gain realized upon the sale of shares of stock. The taxpayer was the owner of 2,230 shares of Colt's Patent Fire Arms Company on March 1, 1913, valued then at $178 per share. Between March 1, 1913, and April 2, 1917, he purchased 387 shares and sold 1,477 shares. On April 2, 1917, he obtained a stock dividend of 100 per cent., and the par value was reduced from $100 to $25 per share; the redistribution being eight shares of new for one of old. In this redistribution no record was kept of the certificates representing the particular shares of old, so that, after redistribution, it was impossible to identify any new certificate as having been issued in exchange for any particular old certificate. In 1917, he sold 287 shares, 50 shares in 1918, and 350 shares in 1919. In his tax return for 1917 he reported a gain derived from the sales made during the year on the basis of the sale of stock acquired prior to March 1, 1913; whereas for 1918 and 1919 he reported the sales made on the basis that the stock then sold had been acquired subsequently to March 1, 1913. The Commissioner computed the gain upon the sales on the basis that all shares had been acquired by the taxpayer prior to March 1, 1913.

At the trial, the 50 shares sold in 1918 were identified as 50 shares purchased during that year, and 100 shares purchased on February 24, 1919, were sold April 2, 1919. An error made by the Commissioner in each of these instances was admitted, and judgment entered for appellants.

In the case of property owned prior to March 1, 1913, and sold thereafter, the selling price less the fair market value on March 1, 1913, determines the gain. Section 2(c). 1916 Revenue Act, 39 Stat. 758. A return must be made by the taxpayer accordingly. Section 8(b), 1916 Revenue Act, 39 Stat. 761; section 3176, Rev. St., as amended by section 16 of the Act of September 8, 1916, 39 Stat. 756; section 1317 of the Act of February 24, 1919, 40 Stat. 1057 (26 USCA §§ 97, 98). Gain or profit on the sale of property acquired after March 1, 1913, and later sold is measured by section 202(a), 1918 Revenue Act, 40 Stat. 1060.

The Commissioner is authorized to make all needful rules and regulations for the enforcement of the provisions of the act. Section 1309, 40 Stat. 1143 (26 USCA § 1245). Under this authority, the Commissioner promulgated article 39, Regulations 45, as follows:

"Where shares of stock in a corporation are sold from lots purchased at different times and at different prices and the identity of the lots can not be determined the stock sold shall be charged against the earliest purchases of such stock. The excess of the amount realized on the sale over the cost of the stock, or its fair market value as of March 1, 1913, if purchased before that date, will be the profit to be accounted for as income."

The court below found as a fact that the shares sold were acquired prior to March 1, 1913, and determined the cost as of that date. When a stockholder sells a number of shares of stock, the basis of determining his profit or loss is the selling price less the original cost if purchased after March 1, 1913, and, if before, the fair value on that date. If stock dividends have been declared, then the shares represent a smaller proportionate interest in the corporate property, and it has been held that, in cases of a stock dividend on stock purchased prior to March 1, 1913,

when a taxpayer thereafter sells, the basis shall be determined by dividing the original stock at the March 1, 1913, value, by the total number of shares, old and new. Eisner v. Macomber, 252. U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; Towne v. McElligott, 274 F. 960 (D. C. S. D. N. Y.). The burden is on the taxpayer to prove the invalidity of the tax. U. S. v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347. And it was incumbent upon this taxpayer in seeking a recovery to show what the stock had cost him or to show that the stock sold was acquired prior to March 1, 1913, and its value on that date. The Revenue Act does not permit merging the cost of stock acquired at various prices and over a period of years. Shares of stock are identifiable, and, for income tax purposes, they are regarded as specific properties. De Ganay v. Lederer, 250 U. S. 376, 39 S. Ct. 524, 63 L. Ed. 1042; Cummings v. Clark, 2 F.(2d) 442 (C. C. A. 3); Towne v. McElligott, supra.

In support of their claim, the appellants argue that the sales of 287 shares for 1917 were of stock purchased before March 1, 1913, and 150 shares for 1919 were stock purchased after March 1, 1913, and rely upon the testimony of the associates of the taxpayer, who said that the decedent told them he intended to retain his original holdings in the corporation, and that he intended to sell certain stock purchased for return. These statements are alleged to have been made in 1914 and 1915. The declarations of a taxpayer as to his intention to sell the more recently purchased stock and to retain his original holdings, made orally, are insufficient to change the result. They indicate merely a purpose which he may not have adhered to. They in no way marked the particular shares of stock here under consideration, the identity of which the trial judge has found to have been lost.

Moreover, in addition to the finding below that there is no way to identify any new shares issued upon the redistribution of the stock as having been exchanged for any particular shares, paragraph 60, Regulations 33, and article 39, Regulations 45, apply the presumption that the property sold was the first acquired by the taxpayer. If article 39, Regulation 45, is reasonable and necessary for the enforcement of the provisions of the taxing statute, and is in aid of the administration of the act rather than an interpretation of it, it is binding, and has the effect of law. United States v. Morehead, 243 U. S. 607, 37 S. Ct. 458, 61 L. Ed. 926; Boske v. Comingore, 177 U. S. 459, 20 S. Ct. 701, 44 L. Ed. 846. It also appears that the succeeding Revenue Act of 1918 has enacted the previous provisions for determining gain or loss upon the sale of property without substantial change of the earlier act. The interpretation and practice of the Department, as indicated by article 39, Regulation 45, was a practical construction of the provisions of the taxing statute. Congress apparently, by re-enacting without substantial change section 202(a) of the 1918 Revenue Act, approved the presumption created by article 39, Regulation 45, which prescribes that, if the taxpayer fails to keep proper records as to the identity of the property sold, the property so sold will be presumed to be that first acquired. Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457; National Lead Co. v. United States, 252 U. S. 140, 40 S. Ct. 237, 64 L. Ed. 496; Edwards v. Wabash Ry. Co., 264 F. 610 (C. C. A. 2). Such a regulation, creating the presumption as to the property sold where no evidence is offered as to identity of lots and dates of purchase, has been recognized as effective and controlling. Howbert v. Penrose, 38 F.(2d) 577 (C. C. A. 10); United States v. Kemp (C. C. A.) 12 F.(2d) 7.

The finding below, supported by the presumption contained in Regulation 45, art. 39, justified the judgment below.

In the judgment to be entered on our mandate to the District Court, the overpayments of 1918 and 1919 will bear interest pursuant to section 615 of the 1928 Revenue Act (45 Stat. 791 [28 USCA § 284]).

Judgment as thus modified affirmed.