### HORNER v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5305.

Circuit Court of Appeals, Third Circuit.
July 26, 1934.

Thomas D. McCloskey, Fred C. Houston, Kinnear, McCloskey & Best, and Arthur W. Henderson, of Pittsburgh, Pa., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., J. Louis Monarch, S. Dee Hanson, Sp. Assts. to Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioner owned stock of the American Rolling Mill Company. On January 10, 1928, the company issued rights to subscribe to additional stock on the basis of one share of new stock for each six shares of old stock at $75 a share. These rights expired on February 10, 1928. In January, 1928, the petitioner subscribed to 1,550, shares and, prior to their delivery, he agreed to and did sell an equal number of shares. He delivered certificates for 1,550 shares of the old stock then owned and held by him. It is undisputed that the sale was made by the petitioner in anticipation of the receipt by him of the new shares of stock, and that it was his intention and purpose to sell the new stock. In his income tax return for 1928 he computed the profit derived from the sale on the basis of the prospective cost of the new stock to be acquired; that is, $75 a share.

The Commissioner computed the profit on the basis of the cost of the old stock, which was less than $75 a share, and determined a deficiency. The Board of Tax Appeals found as a fact that the sale was of the petitioner's old stock, representing a transaction completed before he had acquired the additional stock upon his right to subscribe, and therefore sustained the Commissioner's assessment of a deficiency.

The Board of Tax Appeals held that sections 111 (a) and 113 (a) of the Revenue Act of 1928 (26 USCA §§ 2111 (a) and 2113 (a)) were applicable. These sections provide:

"Sec. 111. (a) Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in section 113 [section 2113], and the loss shall be the excess of such basis over the amount realized. * * *

"Sec. 113. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property. * * * *"

There is nothing in either section which permits gain or loss to be determined on the basis of the intention of the parties. The Board determined from the facts what was actually done rather than what the petitioner intended to do. The petitioner sold the stock he had, not the stock he anticipated obtaining.

The Board concluded that the transaction constituted a sale of the old stock and that the taxable gain was properly computed on that basis. We are in entire accord with the reasoning and conclusions set out in its decision. 28 B. T. A. 360.

The decision of the Board of Tax Appeals is sustained.