## COMMISSIONER OF INTERNAL REVENUE v. MERCHANTS' & MANUFACTURERS' FIRE INS. CO.
### No. 5398.

Circuit Court of Appeals, Third Circuit.
Aug. 28, 1934.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and J. P. Jackson, Sp. Assts. to the Atty. Gen., for petitioner.

William H. Harding, of New York City, for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

■ This is a petition for review of a decision of the Board of Tax Appeals. The taxpayer, a stock fire insurance company, bought at various times shares of stock of Corn Products Refining Company, Standard Oil Company of California, Brooklyn Union Gas Company, and American Can Company. The taxpayer deposited this stock with the American Trust Company. The purchases were made on a rising market, and therefore the stock first acquired cost less than the later purchases.

Sales of securities were decided upon by the executive and finance committee of the taxpayer's board of directors. When the committee would decide to sell certain stock, it would give verbal instructions to a clerk employed in the investment department of Corroon & Reynolds, Inc., which managed the taxpayer's investment business. The clerk would place a cross on a card, known as a director's card and kept for the convenience of the committee, opposite the purchase entry of the particular lot of stock to be sold. A broker would thereupon be instructed to sell a specified number of shares, and the American Trust Company to deliver to the purchaser, upon payment therefor, certificates for the number of shares involved; but the particular shares to be sold and delivered would not be designated.

This procedure was followed in the sale of 500 shares of Corn Products Refining Company, 500 shares of Standard Oil Company of California, 100 shares of Brooklyn Union Gas Company, and 300 shares of American Can Company. Although the cross-marks on the director's card were, with the exception of the American Can Company stock, placed opposite the shares last purchased, the American Trust Company delivered certificates representing the stock first purchased by the taxpayer.

The taxpayer computed its income tax as though it had sold, in each instance, the stock last acquired. The Commissioner held that the stock sold was that represented by the certificates actually delivered rather than the stock which the taxpayer intended to sell, and therefore assessed a deficiency. The Board

of Tax Appeals found as a fact that the taxpayer intended to sell the later acquired stock, and sustained the taxpayer's contention that the loss or gain on the sales should have been computed by deducting the cost of the stock, identified by the cross-marks on the director's cards, from the sum which it obtained by the sales of the stock. It thus disregarded the cost of the stock represented by the certificates delivered, and substituted the cost of the stock represented by other certificates, which the taxpayer intended to sell but which were not in fact sold.

We think the test should be that applied by the Board of Tax Appeals in Horner v. Commissioner, 28 B. T. A. 360, affirmed by this court on July 26, 1934, 72 F.(2d) 407; i. e., what was actually done rather than what was intended to be done. Whatever the intention may have been, the stock actually sold was that first acquired. We think the Board of Tax Appeals erred in giving effect to the intention rather than the fact.

■ The sale of the American Can Company stock presents a somewhat different situation because of the absence of evidence as to the intention of the taxpayer to sell any particular shares and as to the identity of the certificates delivered. The Commissioner determined the gain by applying the cost of the shares first acquired against the proceeds of the sale of the stock. The Board of Tax Appeals made no distinction between this transaction and the other three, and sustained the taxpayer's contention that it meant to sell the last acquired. Article 58 of Regulation 74 provides: "When shares of stock in a corporation are sold from lots purchased at different dates and at different prices and the identity of the lots can not be determined, the stock sold shall be charged against the earliest purchases of such stock. * * * * "

This is commonly known as the "first in, first out" rule. Judge Woolley in Snyder v. Commissioner (C. C. A.) 54 F.(2d) 57, 58, said: "The rule is an arbitrary one, as from the very nature of the case it must be; yet, again from the nature of the case, it is reasonable."

If the taxpayer is able to identify the shares sold, and thus prove his real loss or gain, the rule permits him ample opportunity to do so. We think that the "first in, first out," rule is reasonable and valid and that the Commissioner correctly applied it in the instant case.

The order of the Board of Tax Appeals is reversed and remanded for proceedings in conformity with this opinion.