COMMISSIONER OF INTERNAL REVENUE
v. VON GUNTEN.

SAME v. PRENTICE.
Nos. 6676, 6677.

Circuit Court of Appeals, Sixth Circuit.
April 12, 1935.

Helen R. Carloss, of Washington, D. C. (Frank J. Wideman and Sewall Key, both of Washington, D. C., on the brief), for petitioner.

John T. Kennedy, of Washington, D. C. (John R. Schindel, of Cincinnati, Ohio, on the brief), for respondents.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

These are separate petitions by the Commissioner of Internal Revenue to review decisions of the Board of Tax Appeals reversing the action of the Commissioner in assessing deficiencies in income taxes for the year 1929 against respondents Von Gunten and Prentice, respectively. The cases involve the same issue, were heard together, and will be disposed of in one opinion. The facts are stipulated. It will be necessary to consider only the facts in the Von Gunten case.

At the beginning of 1929 Von Gunten held 450 shares of common stock in the Averill Dairy Company, herein called the Averill Company. The dates, the manner in which these shares were acquired, and the cost thereof, are set forth in the subjoined tabulation.[1] On or about June 6, 1929, pursuant to reorganization, the Borden Company exchanged some of its

---

[1]

| Acquired | Manner Acquired | No. of Shares | Cost |
| --- | --- | --- | --- |
| October 31, 1917.........Purchase ................. | | 50 | $  5,000.00 |
| August 2, 1920...........Stock  dividend............ | | 150 | 0 |
| December 15, 1922.......Stock  dividend............ | | 25 | 0 |
| Total......... | | 225 | |
| | | | $  5,000.00 |
| April 19, 1927...........Purchase ................. | | 75 | 33,333.33 |
| January 8, 1929.........Purchase ................. | | 150 | 67,500.00 |
| Total......... | | 450 | $105,833.33 |

capital stock for all the capital stock of the Averill Company and in connection with the reorganization Von Gunten exchanged his 450 shares of Averill Company stock for 3,750 shares of the Borden Company stock, this being in the proportion of one share of Averill for 8⅓ shares of Borden. He surrendered his Averill certificates. In 1929 he sold 800 shares of the Borden stock for $62,147.50 and in his tax return deducted $22,576.76 as the cost of the 800 shares sold. He computed this deduction upon the average cost of each share of the Averill Company as follows: His Averill Company stock cost $105,833.33. The 3,750 shares of Borden Company exchanged therefor cost the same, or $28.222 per share. The 800 shares sold, therefore, cost $22,-577.76. The Board accepted this basis and fixed respondent's deficiency thereon. The Commissioner thought that the 800 Borden shares should be regarded as sold out of stock received in exchange for part of the 225 Averill Company shares first acquired. He considered that 1875 Borden Company shares, which was of course more than was sold, represented these 225 Averill Company shares; that because these 225 Averill Company shares cost $5,000, one Borden Company share therefore cost $2.66⅔, and the 800 Borden Company shares sold had therefore a cost basis of $2,133.33. Hence since the sale price was $62,147.50 and the cost only $2,133.33, there was a resultant profit of $60,014.17 upon which the tax deficiency amounted to $2,754.25.

■ Unquestionably the exchange of Averill for Borden was nontaxable. Revenue Act of 1928, § 112 (b) (3), 45 Stat. 816, 26 USCA § 2112 (b) (3). But the profit upon the sale of the Borden Company stock was taxable and must be determined by the Revenue Act of 1928, § 113 (a) (6), 45 Stat. 818, 26 · USCA § 2113 (a) (6), which provides that, "if the property was acquired upon an exchange described in section 112 (b) to (e) [section 2112 (b) to (e)], inclusive, the basis shall be the same as in the case of the property exchanged * * *," i. e., the sale of Borden Company stock should be treated as if it were a sale of Averill Company stock.

■ The Commissioner went beyond this and contended, not only that the sale of the 800 shares of Borden should be treated as a sale of 96 shares of Averill, but should be regarded as a sale out of the 225 shares of Averill earliest acquired by respondent Von Gunten. However, this theory is, at its best, only theory. It has no factual basis. In one indivisible transaction respondent simply exchanged 450 shares of Averill (all that he had) for 3,750 shares of Borden. It is conceded that the 800 Borden Company shares which he sold cannot be identified as representative of any particular Averill Company shares. No statute or regulation has been cited which required respondent to earmark, for tax purposes, any particular share or shares of his Borden Company stock as having been exchanged for specific shares of Averill Company stock.

The Commissioner sought to justify his position by the "First in, first out," rule. This rule has been upheld by other Circuit Courts of Appeals under varying circumstances although it has been regarded as an arbitrary one. Commissioner v. Merchants' & Manufacturers' Fire Ins. Co., 72 F.(2d) 408 (C. C. A. 3); Snyder v. Com'r, 54 F.(2d) 57, 58 (C. C. A. 3); and Skinner v. Eaton, 45 F.(2d) 568, 570 (C. C. A. 2). See, also, Helvering, Com'r v. Stifel, Ex'r (C. C. A. 4) 75 F.(2d) 583, decided February 6, 1935. It is embodied in Article 58 of Treasury Regulation 74, promulgated under the Revenue Act of 1928, in the following words: "When shares of stock in a corporation are sold from lots purchased *at different dates and at different prices* and the identity of the lots cannot be determined, the stock sold shall be charged against the earliest purchase of such stock." (Italics ours.)

We regard the rule as inapplicable here. Respondent Von Gunten did not sell shares of stock "from lots purchased at different dates and at different prices." He sold 800 shares out of 3,750 shares of Borden stock which he acquired at one time, about "June 6, 1929," by a single transaction of exchange; and for a single consideration, i. e., the 450 shares of Averill Company stock.

■ The Commissioner relies also upon Article 600, as amended by Treasury Decision 4274, VIII-2, Cum. Bulletin 242, promulgated under the Revenue Act of 1928. We think Article 600 is also inapplicable. It deals exclusively "with a transaction described in Sec. 112 (g) * * *." Section 112 (g), Revenue Act of 1928, 45 Stat. 791, 26 USCA § 2112 (g), covers a situation where "there is distributed, in pursuance of a plan of reorganization, to a shareholder in a corporation a party to the reorganization, stock or securities in such corporation or in another corporation a party

to the reorganization, *without the surrender by such shareholder of stock* or securities in such a corporation. \* \* \* " (Italics ours.) It does not affect respondent Von Gunten because he did not retain any of his Averill stock but surrendered all of his certificates to the Borden Company.

The order of the Board of Tax Appeals in the Von Gunten case (No. 6676) is affirmed, and because the Prentice case (No. 6677) involves a similar controversy, the order therein is likewise affirmed.