## COMMISSIONER OF INTERNAL REVENUE v. OLIVER.
### No. 5729.

Circuit Court of Appeals, Third Circuit.
Aug. 6, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Harry Marselli and Norman D. Keller, Sp. Assts. to Atty. Gen., for petitioner.

Harbaugh Miller and S. Leo Ruslander, both of Pittsburgh, Pa. (R. J. Cleary, of Pittsburgh, Pa., of counsel), for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The respondent's husband had acquired 2,948 shares of Standard Sanitary Manufacturing Company stock, by purchase and stock dividends, at an aggregate cost of $249,573. In February, 1923, the par value of the stock was reduced from $100 to $25 and each share was exchanged for 4, thereby increasing his holdings from 2,948 to 11,792 shares. In April, 1923, the respondent received 5,000 of these shares as a gift from her husband. In 1925, these were increased to 6,250 by a 25 per cent. stock dividend. Later in the same year the respondent's husband gave her an additional gift of 100 shares, which he had purchased for $10,150. In 1928, as a result of a three for one exchange, the respondent's shares were increased to 19,050 shares. In that year the respondent sold 100 shares. In 1929, as a result of a nontaxable reorganization, the respondent exchanged her Standard Sanitary Manufacturing Company's stock for 20,663+ shares of American Radiator & Standard Sanitary Corporation stock. In the same year, she sold her rights to subscribe to additional shares of American Radiator & Standard Sanitary Corporation stock for $35,600.58 and sold 663 shares of stock of that company for $32,827.98. To determine the cost of the 5,000 shares originally given her by her husband, the respondent took the aggregate cost of the 2,948 shares originally acquired by her husband, and averaged it over the 11,792 shares which her husband had received on the exchange. She then deducted the cost of the 5,000 shares as thus calculated, from the selling price, and reported the difference as profit in her income tax return for 1929. The Commissioner applied the "first in, first out," rule and assessed a deficiency. The Board of Tax Appeals reversed.

Article 58 of Regulations 74, which interprets the Revenue Act of 1928, provides: "When shares of stock in a corporation are sold from lots purchased at different dates and at different prices and the identity of the lots can not be determined, the stock sold shall be charged against the earliest purchases of such stock. * * *" This is the so-called "first in, first out," rule. The respondent does not question the validity of the rule, but contends that the "first in, first out," rule is applicable only when there are no other means available for the determination of the cost of the stock sold. In our opinion the rule is strictly one of convenience and is not to be applied except when, in accordance with its terms, "the identity of the lots can not be determined." In spite of the complicated and involved transactions leading up to the acquisition of the stock by the respondent, the instant case is not one where it is impossible for one familiar with stock transactions and accounting to determine the actual average cost of the stock sold, without resorting to the concededly arbitrary "first in, first out," rule. The Board has demonstrated that it is possible to determine the average cost of the stock owned by the respondent and the proportion which the stock sold bore to the total cost. In our opinion it is not necessary to apply the "first in, first out," rule.

The decision of the Board of Tax Appeals is affirmed.