## KRAUS v. COMMISSIONER OF INTERNAL REVENUE.
### No. 232.

Circuit Court of Appeals, Second Circuit.
March 8, 1937.

The petitioner owned shares of the capital stock of the Manufacturers Trust Company which he sold in 1929. The deficiency was determined by taking what the petitioner says was an incorrect basis for the stock.

He began acquiring the capital stock of the Citizens Trust Company of Brooklyn, N. Y., in 1905, and from time to time bought more at varying prices until in 1915 he owned 627 shares, when the name of that bank was changed to Manufacturers Trust Company. In October, 1916, he bought 15 additional shares of stock. In 1918 the assets of the West Side Bank were acquired by merger by the Manufacturers Trust Company in a reorganization which made his holdings amount to 538 shares. He continued to buy stock until by June 6, 1928, he held 3,505 shares of Manufacturers Trust Company stock which then had a par value of $100. In June of that year the bank reduced the par value of its shares to $25 and issued to him 14,020 of the new shares in exchange for those he held. This was done as part of a change in its capital structure in a reorganization when it increased its capitalization by issuing 90,000 shares of its stock to purchase the assets of the United Capital Bank & Trust Company of New York.

In 1929 petitioner sold 3,000 of the new shares thus acquired for $884,970. They were represented by three certificates, viz., Nos. B8322, B8323, and B8324, each for 1,000 shares, and there was no identification of them on the books of the Manufacturers Trust Company with any of the shares the petitioner surrendered when the shares sold were issued to him. The Board further found as follows:

"In the fall of 1928, the accountant who had audited the · petitioner's books for several years suggested to petitioner that

in view of the split-up of trust company stock something should be done towards identification so that sales could be made advantageously to him from an income tax standpoint. The petitioner took no action to carry out the suggestion. The accountant discussed the matter further with petitioner's nephew who held a power of attorney from the petitioner and conducted some of petitioner's business matters. The nephew furnished the accountant with lists of the certificate numbers of the old stock turned in in 1928 and of the stock received in that year in the split-up. The accountant thereupon prepared a schedule listing in one column the new certificates in numerical order, placing at the top the three lowest numbered, to-wit: B8322, B8323, and B8324. Against these he balanced the old certificate numbers, not in numerical order, but according to cost, listing at the top those having the highest cost. This schedule was copied into one of petitioner's ledgers by his bookkeeper. In the ledger entries so made, old certificate Nos. A17479, A18812, and A16798 representing 675, 48 and 82 shares, respectively, which shares were purchased by petitioner in 1927, were balanced against new certificate Nos. B8322–24, inclusive, which were the lowest numbered new certificates received by petitioner in 1928. * * *

"The accountant above mentioned prepared petitioner's income tax return for 1929. In reporting the profit on the sale of the 3,000 shares of trust company stock he used, as cost, figures given to him by the petitioner, and he made no use of the schedule of certificate numbers that he had prepared in 1928."

Henry P. Molloy, of New York City (Melvin J. France, of New York City, of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Harry Marselli, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

The dispute between the petitioner and respondent concerns only the proper cost basis of the stock sold. The petitioner insists that it should be at the average cost per share of his holdings acquired throughout the years up to the time of sale while the respondent applied the first in, first out rule in determining the deficiency. Article 58 of Reg. 74.

It may be taken as established that if the petitioner were able to identify the stock he sold with any particular stock he acquired that he would be entitled to take the basis of that stock so identified as the basis of the shares sold. Section 113 (a) (6) Revenue Act of 1928, 26 U.S.C.A. § 113 note. We agree that he acquired the shares he sold in a nontaxable exchange of stock for stock in a reorganization. Section 112 (b) (3) Revenue Act of 1928, 26 U.S.C.A. § 112 (b) (3) and note. He had the right to sell whatever stock he desired and the right of course to have the taxable gain, if any, computed on the basis of the cost of the particular shares which he elected to sell. The weakness of his objection to the action of the respondent lies in the fact that he did not take steps which would enable him to identify the shares sold with any particular shares he acquired at any definite cost. Consequently it is of no avail to him to show merely acquisition under such circumstances that the stock sold should be given the basis of some of the stock for which he acquired it on the exchange he made for he exchanged then many shares of old stock for the new. He must prove such identification of new shares sold with specific old shares that the basis of those old shares can be known. The old shares had been acquired by him at different times and at different prices, and, when all were turned in indiscriminately for an aggregate amount of new shares with no allocation of new shares to old, it became impossible to tell whether any particular new shares were exchanged for any particular old shares rather than for some other old shares. Moreover, it has been justifiably found by the Board that the petitioner made no allocation of new shares to old. It is quite true that the first in, first out rule is applicable only when there is no identification of shares sold with shares purchased. Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343; Skinner v. Eaton, 45 F.(2d) 568 (C.C.A.2). And equally true that stock certificates are not the only means of identification. A direction to a broker to sell shares designated by date of purchase and price paid will be sufficient to establish identity of the stock sold for determining the cost basis of it even though the broker actually delivers other certificates than those he was directed to sell, but

618

intention without more is not designation. Miller v. Commissioner, 80 F.(2d) 219, (C.C.A.2). See, also, Fuller v. Commissioner (C.C.A.) 81 F.(2d) 176.

█ But, notwithstanding this, the petitioner insists that as he has shown that all the shares he sold were acquired at one time in a nontaxable exchange of stock for stock he is entitled to the average cost of the old shares as a basis for the new. See Commissioner v. Von Gunten (C.C.A.) 76 F.(2d) 670, Commissioner v. Oliver (C.C. A.) 78 F.(2d) 561, and Commissioner v. Bolender (C.C.A.) 82 F.(2d) 591. See, also, Helvering v. Stifel (C.C.A.) 75 F.(2d) 583. All these cases, however, dealt with nontaxable exchanges of stock for stock in one or more corporations other than the one whose stock was given up in the exchange. We think that distinguishes those cases from the present one, but, however that may be, we are not prepared to extend the rule of them to an instance like this where old stock was merely exchanged for new stock in the same corporation. The fact that the new shares were four times as numerous as the old because their par value was only one-fourth as much did not change the situation for present purposes from what it would have been had the old certificates merely been surrendered for new certificates for a like aggregate number of shares; there being no change in par value. Had there been no identification of new shares with old such an exchange would have made it possible, if the petitioner's view is sound, for him to have sold any new shares and be taxed for any gain on the basis of average cost of the old though he couldn't have sold any of the old ones and computed his taxable income, if any, except either by applying the first in first out rule of article 58 of Reg. 74 or proving the cost of the shares actually sold. It may well be doubted whether one may so easily avoid at will a computation of taxable income on the basis of actual cost of the shares sold or in accordance with the first in, first out rule and get the benefit of average cost as a basis whenever that is desired. It is apparent that any exchange of stock in one corporation for a like number of shares of the same kind of stock in the same corporation merely changes certificates and leaves the holder in the same financial position as before. It must always be a nontaxable exchange in fact. So in our opinion the exchange through which the petitioner acquired the new shares he sold

merely left his taxable status on a sale of them the same that it would have been had he retained his old shares and sold some of them. Compare Perkins v. United States (Ct.Cl.) 12 F.Supp. 481; Vawter v. Commissioner (C.C.A.) 83 F.(2d) 11. He had either to identify the new shares sold with particular old ones so as to show actual cost or be taxed on the basis upon which his taxes have been determined.

Affirmed.