W. D. GALE, INC., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Joseph A. SCHOENITH and Mildred A. Schoenith, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 14551, 14552.

United States Court of Appeals
Sixth Circuit.

Dec. 29, 1961.

taining speedboats used in speedboat races alleged to be for the purpose of an advertising and publicity program to promote the business of the corporation.

The deficiencies against the individual taxpayers were based on the theory that the operation of the speedboats was for the personal pleasure and aggrandizement of taxpayer Joseph A. Schoenith and that the use of corporate funds for that purpose amounted to a constructive dividend to him, as a stockholder of the corporation. Joseph A. Schoenith and his family owned ninety-seven and one-half (97½) percent of the stock of the corporation.

Upon consideration of the record, the briefs of the parties and oral arguments of counsel, we conclude that the facts as found by the Tax Court are warranted by the evidence and neither the facts as found nor the inferences drawn therefrom are clearly erroneous; that the legal conclusions are in accord with sound principles of law, and the conclusion that the use of corporate funds for the operation of speedboats, for the personal pleasure of the principal stockholder, is a constructive dividend is supported by authorities. See: Sachs v. Commissioner of Internal Revenue, 277 F.2d 879, C.A. 8, cert. denied, 364 U.S. 833, 81 S.Ct. 63, 5 L.Ed.2d 59; Greenspon v. Commissioner of Internal Revenue, 229 F.2d 947, C.A. 8; Zipp v. Commissioner of Internal Revenue, 259 F.2d 119, C.A. 6, cert. denied 359 U.S. 934, 79 S.Ct. 649, 3 L.Ed.2d 636; Paramount-Richards Theaters, Inc. v. Commissioner of Internal Revenue, 153 F.2d 602, C.A. 5; Sec. 115, Title 26 U.S.C. (I.R.C.1939); Sec. 316, Title 26 U.S.C. (I.R.C.1954).

The memorandum Findings of Fact and Opinion of the Tax Court are reported at T.C. memo. 1960–1961.

It is therefore ordered and adjudged that the decisions of the Tax Court be and they are hereby affirmed upon the Findings of Fact and Opinion of Judge Mulroney of the Tax Court.

Walter J. Murray, Detroit, Mich., and Pell Hollingshead, Detroit, Mich., for petitioners.

William A. Friedlander, Department of Justice, Washington, D. C., John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attorneys, Department of Justice, Washington, D. C., on brief, for respondent.

Before MILLER, Chief Judge, CECIL, Circuit Judge, and DARR, Senior District Judge.

## ORDER.

These causes are before the Court on petitions of taxpayers W. D. Gale, Inc., and Joseph A. Schoenith and Mildred A. Schoenith, individually, for review of decisions and orders of the Tax Court of the United States. The Tax Court found that there were deficiencies in income tax of the taxpayers for the taxable years ended December 31, 1953, December 31, 1954 and December 31, 1955.

The deficiencies of the corporate taxpayer arose by reason of the disallowance of expenses of operating and main-