LEONARD OSROW AND GLADYS OSROW, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

HAROLD OSROW AND FRANCES OSROW, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 160–66, 185–66.    Filed January 11, 1968.

*Carl F. Bauersfeld,* for the petitioners.
*John B. Murray, Jr.,* for the respondent.

---

334

336

[redacted]

OPINION

The first issue in this case is the determination of the petitioners' basis in the 22,474 shares of Osrow Products stock that they sold in 1961. The respondent contends that each share sold had the same basis of $0.325. The petitioners contend that 11,500 of the shares sold had a basis of approximately $4.35 per share and the remaining 10,974 shares sold had a basis of just under $0.06 per share.

The petitioners argue that there were two exchanges—in one, they exchanged 20 shares of old common stock in Osrow Products for 171,800 shares of new common stock; in the other, they canceled a $50,000 debt owed them by the company in exchange for 11,500 shares of new common stock. The petitioners then say that their basis in the 171,800 shares is $10,000, the amount paid for the old 20 shares, and their basis in the 11,500 shares is $50,000.

On the other hand, the respondent argues that there was only one exchange—the petitioners canceled their $50,000 debt owed them by the company, thus increasing their basis in the 20 shares of old common stock to $60,000, and exchanged the 20 shares of old common stock for 183,300 shares of new common stock. The respondent then states that the basis of the 183,300 shares is the basis of the old 20 shares, or $60,000.

The parties' contentions are thus based on different views of the same events. We do not agree with the respondent's view. The respondent would have us ignore what actually happened. In one transaction, the petitioners exchanged their old stock for 171,800 shares of new stock represented by stock certificates numbered 1 and 2. In the other transaction, they canceled the corporation's obligation to them in exchange for 11,500 shares represented by stock certificates numbered 3 and 4. They instructed the broker to sell first the shares represented by stock certificates numbered 3 and 4, and those certificates were delivered so that the sale of the shares which they represented could be reflected on the corporate books. Thus, the petitioners adequately identified the stock which they received in exchange

for the cancellation of the corporate debt and which was sold first in 1961.

There is no reason for refusing to accept what the petitioners did. Section 1012 of the Internal Revenue Code of 1954 provides that as a general rule, the basis of property shall be the cost of such property. Section 1.1012–1(c), Income Tax Regs., then provides generally that where shares of stock are sold which were acquired on different dates or at different prices, and such shares can be identified as to the date purchased and price at which purchased, then the basis of the shares sold is the actual cost of such shares. On the other hand, when the stock sold cannot be adequately identified, its basis is determined by application of a "first-in, first-out" rule to the stock held by the taxpayer. The petitioners thus argue that their exchange of stock for stock and debt for stock resulted in two different "purchase" prices and that the stock sold in 1961 was adequately identified as to the price at which it had been purchased.

We agree with the petitioners that they have adequately identified the stock sold. In addition, we have found as a fact that such stock was acquired in exchange for the cancellation of the debt. This case is similar to a recapitalization in which a shareholder acquires new stock in exchange for old stock acquired at different times and having different bases. In such a situation, it has long been recognized that the tax consequences to a shareholder on a sale of the new stock should be the same as on a sale of the old stock. *Kraus* v. *Commissioner*, 88 F. 2d 616 (C.A. 2, 1937), affirming 33 B.T.A. 1088 (1936). In the case before us, the respondent has not even raised a question as to the bona fide nature of the exchange of the 11,500 shares for the cancellation of the debt. Moreover, the petitioners exchanged a debt in the face amount of $50,000 for stock which could be sold, as a part of the public offering, for approximately $50,000. Accordingly, what they did appears realistic from an economic standpoint. Cf. Bittker and Eustice, Federal Income Taxation of Corporations and Shareholders 98 (2d ed. 1966). We hold that the stock acquired in exchange for the debt has the same basis as the debt.

The respondent also determined that Osrow Products paid an expense of the petitioners and that such a payment constituted a dividend to them. Osrow Products paid the entire underwriting expenses for the public offering of the stock, including the sale of the 22,500 shares on behalf of the petitioners. The parties agree that the total amount of underwriting expenses attributable to the sale of the petitioners' shares in 1961 was $5,625. The petitioners argue that Osrow Products had to incur the underwriting expenses, whether or not there were also selling stockholders, and therefore the expenses were incurred for the corporation rather than the stockholders.

We are unable to agree with this argument of the petitioners. There is no evidence in the record indicating that Osrow Products would have incurred the same amount of underwriting expenses if only 37,500 shares were sold on behalf of the company. Without this evidence, we cannot find that the payment of all of the expenses benefited the company.

The petitioners also argue that if Osrow Products had not paid all of the underwriting expenses, they would not have received the $50,000 owed them by the company. Nevertheless, the question is whether Osrow Products paid the expense of the petitioners, and not whether the petitioners ultimately netted more or less than $50,000. Osrow Products' debt to the petitioners was satisfied by issuing them stock worth approximately $50,000; any further payment to or on behalf of the petitioners was not a payment of the debt.

Accordingly, since Osrow Products paid an expense on behalf of its stockholders, the payment was a dividend to the petitioners. *Louis H. Zipp*, 28 T.C. 314 (1957), affd. 259 F. 2d 119 (C.A. 6, 1958).

*Decisions will be entered under Rule 50.*