W. Taylor JOHNSON and Foye K. Johnson, Appellees,

v.

UNITED STATES of America, Appellant.

No. 14351.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 9, 1970.

Decided Jan. 6, 1971.

Stephen H. Hutzelman, Atty., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Thomas L. Stapleton, Attys., Dept. of Justice, and Brian P. Gettings, U. S. Atty., on brief) for appellant.

Francis N. Crenshaw and Robert C. Nusbaum, Norfolk, Va. (Crenshaw, Ware & Johnson, and Hofheimer, Nusbaum & McPhaul, Norfolk, Va., on brief) for appellees.

Before BRYAN and WINTER, Circuit Judges, and MARTIN, Chief District Judge.

ALBERT V. BRYAN, Circuit Judge:

Income taxes paid by W. Taylor Johnson and his wife, Foye K. Johnson—taxpayer—were recouped by a September 1969 judgment of the Federal Court for the Eastern District of Virginia. Decision hinged on the appropriate tax treatment of a corporate distribution of moneys held in a depreciation account. The United States appeals, and successfully, we hold.

The facts, bared of simultaneous tax incidents, are these as taken from the Court's unquestioned findings:

"The Mayflower Corporation owned a high-rise apartment building at Virginia Beach, Virginia, * * *. The taxpayers acquired fifty-two percent of the corporation's stock in 1949 at a cost of $1,040. The remaining forty-eight percent of the stock was purchased in 1954 * * * by the taxpayers at a cost of $144,500.

"From 1949 until 1963 no distributions were made to stockholders. There was, however, a substantial accumulation which counsel stated at the time of trial was a 'depreciation reserve' for equipment in the corporate account entitled 'Appreciation of Land and Building.' On June 19, 1963, the taxpayers' attorney wrote Johnson recommending a distribution which, in his opinion, could be affected as a tax-free return of capital under section 301 of the Internal Revenue Code. Subsequently, on June 21, 1963, a Board of Directors meeting was held and a resolution was adopted calling for the distribution of $169,000 to be paid June 26, 1963.

"In preparing the minutes of the stockholders' meeting, taxpayers' attorney did not specify whether the distribution was to be made on a 'pro rata' or 'non-pro rata' basis. It is contended by plaintiff, however, that since the clear and admitted intention of the taxpayers was to avail themselves of the benefits of section 301, and since this could not be done if the distribution was pro rata, the distribution must be deemed to have been a non-pro rata basis." 303 F.Supp. at 2.

The parties agree that $13,564.70 of the $169,000 distributed was a dividend of current corporate income. It was paid on a pro rata basis, and is taxable to the Johnsons as ordinary income. The issue is how the receipt of the remainder—$155,435.30—should be assessed.

The position of the taxpayer is that this was a distribution of capital to them and that there was no gain because the sum so disbursed did not exceed the total amount paid by them for the stock. For this computation they combine the

costs of their two acquisitions. They show, too, that the Government stipulates that the taxpayer intended a non-pro rata distribution.

The Government, on the other hand, insists that the acquisitions cannot be combined. Skinner v. Eaton, 45 F.2d 568, 570 (2 Cir.1930) cert. denied 283 U.S. 837, 51 S.Ct. 486, 75 L.Ed. 1449 (1931). It asserts that each acquisition must be apportioned its part of the distribution, individually. In this process, there is allotted to each the proportion of the distribution that the number of shares in that block bears to the number of shares outstanding. Thus the distribution for tax purposes would not be allocated on a non-pro rata reckoning in accordance with the stipulated intent of the taxpayer, but rather on a pro rata division. The Government illustrates its contention and the application of it specifically as follows:

|  | a/c 52 shares Acquired in 1949 | a/c 48 shares Acquired in 1954 |
|---|---|---|
| Amount Received | $80,826 | $ 74,609 |
| Basis | 1,040 | 144,500 |
| Gain | $79,786 | –0– |

The language of the pertinent code sections persuades us to the Government's view. Internal Revenue Code of 1954, § 301, 26 U.S.C. § 301, fixes the tax consequences of corporate distributions when, as here, admittedly they are not dividends, in these words:

"(a) In general.—Except as otherwise provided in this chapter, a distribution of property (as defined in section 317(a) ) made by a corporation to a shareholder with respect to its stock shall be treated in the manner provided in subsection (c)."

*   *   *   *   *   *

"(c) Amount taxable.—In the case of a distribution to which subsection (a) applies—

*   *   *   *   *   *

"(2) Amount applied against basis. —That portion of the distribution which is not a dividend shall be applied against and reduce the adjusted basis of the stock.

"(3) Amount in excess of basis.—

(A)   *   *   *   that portion of the distribution which is not a dividend, to the extent that it exceeds the adjusted basis of the stock, shall be treated as gain from the sale or exchange of property."

IRC § 1012 determines "the adjusted basis" of the stock, stating that "the basis of property shall be the cost' of such property   *   *   *"  26 U.S.C. § 1012.

These provisions, in our judgment, preclude the aggregation of the cost of the two lots of stock here to reach an adjusted basis for tax purposes. The tax laws are peremptory and inexorably command assessment on the transaction as a pro rata distribution. See, too, United States v. Davis, 397 U.S. 301, 90 S.Ct. 1041, 25 L.Ed.2d 323 (1970). They must prevail, to repeat, notwithstanding the intent of the distributor and distributees. On the gain of $79,-786 as illustrated by the Government, the tax amounts to $17,472.76, totaling with interest $20,791.58. The District Court's refund of these taxes must be disapproved.

Reversed.