## DAVIDSON *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 18.   Argued October 14, 1938.—Decided November 7, 1938.

*Mr. Edward J. Svoboda,* with whom *Messrs. J. A. C. Kennedy* and *Ralph E. Svoboda* were on the brief, for petitioner.

*Mr. Edward J. Ennis,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs. Sewall Key* and *Harry Marselli* were on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Upon petitioner's insistence and respondent's admission, that the decision below conflicts with that of the circuit court of appeals for the second circuit in *Miller* v. *Commissioner,* 80 F. 2d 219, we granted a writ of certiorari. The question presented is whether petitioner's

taxable gain from sale in 1929 of 1,000 shares of stock is to be determined upon the basis of the cost of stock petitioner bought in that year, or upon the basis of lower cost of like shares earlier bought by him.

The details found by the board of tax appeals may be given briefly. March 27, 1929, at cost of $49.90 each, petitioner bought 1,000 shares for which he received 10 separately numbered certificates covering 100 shares each and delivered them to a bank to be held as security for a loan. Some years earlier he had bought, at cost of $4.42 each, 1,000 shares of like stock for which he obtained certificates that he delivered to the same bank as collateral security, where they were held until the sales here involved. June 19, 1929 petitioner instructed his broker to sell 500 shares of the stock he bought March 27, and, to enable the broker to deliver, petitioner instructed the bank to give the broker certificates covering shares bought in that year. By mistake the bank delivered him certificates of shares included in the lot earlier purchased by petitioner. July 1, 1929 petitioner instructed the broker to sell the rest of the lot bought in that year and directed the bank to deliver the broker certificates of the stock petitioner intended to have sold. Again failing to follow instructions, the bank delivered the broker certificates of stock in the other lot. It may be taken as granted that, when he made his return, petitioner excusably assumed that the bank had followed his directions.

He reported gain on the basis of cost of the stock purchased in that year. The commissioner calculated gain on the basis of cost of the stock earlier purchased and gave notice of deficiency. The board of tax appeals sustained his determination. 34 B. T. A. 555. The circuit court of appeals affirmed. 94 F. 2d 300.

Petitioner contends that by his reference to amounts and dates of purchases, he adequately designated to the

broker the shares to be sold; that in fact the shares so identified were sold and that the bank's delivery of certificates of other stock to the broker did not affect petitioner's order. Undoubtedly, petitioner sufficiently indicated to the broker and to the bank the shares he intended to sell. He plainly allocated the lots to be sold to the 1,000 shares he bought in 1929. But it does not follow that they were the shares sold. His intention to sell, even when coupled with his order to the broker and direction to the bank, cannot be held to constitute sale. *Snyder* v. *Commissioner*, 295 U. S. 134, 137. Notwithstanding his order to the broker to sell shares in the 1929 lot, petitioner was free later to direct that shares from the other lot be used for final consummation of the sale. And so, when the bank delivered him certificates of stock not designated in his order to sell, the broker may well have assumed that petitioner's final purpose was to sell the shares covered by the certificates that the bank sent him. He had no reason to suppose that the bank did not act in accordance with instructions given it by petitioner. The case is not different from what it would have been if petitioner himself had delivered to the broker the certificates sent by the bank. Plainly, petitioner's contention that the certificates used to complete the sale did not cover the shares sold cannot be upheld. *Commissioner* v. *Rankin*, 295 U. S. 123, 128. The commissioner rightly computed gain on the basis of what was done rather than on what petitioner intended to do. *United States* v. *Phellis*, 257 U. S. 156, 172; *Bonham* v. *Commissioner*, 89 F. 2d 725, 728; *Curtis* v. *Commissioner*, 89 F. 2d 736, 738; *Remington Rand, Inc.* v. *Commissioner*, 33 F. 2d 77, 78.

*Affirmed.*