**CURTIS v. HELVERING, Com'r of Internal Revenue.**

**No. 143.**

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1939.

Perkins, Malone & Washburn, of New York City (Watson Washburn, of New York City, of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Lee A. Jackson, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This appeal involves a deficiency, assessed against the taxpayer upon her income tax for the year 1931. The controversy turns wholly upon the "basis", or cost to be assigned to certain shares of stock in the American Can Company and Electric Bond & Share Corporation which the taxpayer sold in that year. On May 6, 1930 her husband gave her 1800 shares of the first stock, and 2,500 of the second, and the cost of these shares to him is concededly the proper "basis" for calculating her profit. The first question is how it should be found. The husband speculated on a large scale in these two stocks through brokers in the City of New York, whom, when he first opened his trading account, he ordered to fill all sales by delivering those shares for which he had paid the highest price. It was impossible for the brokers to carry out this direction, because they did not keep separate the shares held for him from those held for other customers. In accordance with the usual practice they merely credited his account with the number of shares which he bought, and kept on hand sufficient to answer all their obligations. So too when he gave the shares to his wife, the gift was made merely by debiting his account and crediting hers with the shares given. On June 18, 1930, the taxpayer herself bought 200 shares of American Can Company, and on June 21st she sold 200, without giving any direction to her brokers as to what shares should be sold, but in her tax return for 1930 she calculated her profit by using as a "basis" the cost of the shares bought in that year. In 1931 she sold 1800 shares of American Can Company and 2613 of Electric Bond and Share Corporation. (Thirty-eight shares of the latter company had been acquired at no cost, and these were not involved in this proceeding; the other 75 shares were stock dividends upon the 2500 which her husband gave her). In her tax return for 1931 she estimated the cost of the shares given her on the assumption that the first shares sold by her husband were the dearest; but after her husband's

discovery of his brokers' failure to obey his orders, she contended that the cost should be computed by allocating first sales to first purchases. This the Commissioner refused to do, and assessed a deficiency on the theory that the dearest shares had always been sold: the Board affirmed his ruling. Two points arise: first, whether the rule "First-in, First-out" applied to the shares given by the husband; and second, whether the shares sold by her in 1930 should be allocated to the shares bought in that year, or to shares given her by the husband.

 As to the first point we think that Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343 rules. The Board did indeed find that the brokers could not have complied with the husband's order, because the certificates of all customers were carried as a mass of fungibles in which all were merely co-owners; but that was true, also in Helvering v. Rankin, supra; and was indeed the very basis of the court's reasoning, which was (page 129, 55 S.Ct. page 735) that "identification is satisfied, if the margin trader has, through his broker, designated the securities to be sold as those purchased on a particular date and at a particular price." To direct brokers to sell the shares bought at the highest price is also sufficient identification; if there be shares bought at the same price but at different dates, either can be taken without change in the result. Davidson v. Helvering, 305 U.S. 44, 59 S.Ct. 43, 83 L.Ed. ——, did not overrule or modify Helvering v. Rankin, supra, though it did overrule our second conclusion in Miller v. Commissioner, 2 Cir., 80 F.2d 219, 221. We had not there distinguished between unidentifiable certificates carried in "street names", and those which either are made out in the shareholder's name, or could be otherwise distinguished. In the first class the owner's order is a sufficient identification; in the second it is immaterial: this is as we understand the law at present.

The Board also found that, while the account was open, there were "various splits, stock dividends and issuances of rights" upon the two issues. It did not give this as a reason why the shares could not be identified, and we cannot see why it should have that effect. Had the brokers in fact kept the husband's shares separate, splits, share dividends, and rights, would all have been easily traceable to the original shares out of which they came, and while it would have been somewhat difficult to allocate the orig-

inal cost of a share among its progeny, there is nothing impossible in it; indeed, it is done every day in tax returns. It was the confusion of the shares into one mass that prevented identification and that alone.

 As to the second point, we think that the 200 shares of American Can Company sold in 1930 ought to be allocated to the husband's shares and not to those bought a few days before. The shares bought, like those given, were indistinguishably mingled in the brokers' hands with all other shares held for customers; and while the taxpayer's return for 1930 did indeed show that she intended to sell the 200 shares bought in that year, that intent had never been communicated to her brokers, and was irrelevant unless it was. This was indeed part of the ruling in Helvering v. Rankin, supra, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343; and we ourselves so held in Kraus v. Commissioner, 2 Cir., 88 F.2d 616. The order must therefore be modified as to these shares, and the deficiency computed on the theory that the 200 shares sold in 1930 should be identified out of those she owned on the day of sale under the "First-in, First-out" rule: otherwise it will be affirmed.

Order modified in accordance with the foregoing.