ESTATE OF NELLE W. KINCAID, DECEASED, JANE K. JOHNSON AND JOAN D. KINCAID, COEXECUTRICES, PETITIONER V. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 21316–81.    Filed July 3, 1985.

*Paul E. Sullivan*, for the petitioner.
*Andrew M. Winkler*, for the respondent.

## OPINION

CLAPP, *Judge*: Respondent determined a deficiency in Nelle W. Kincaid's income tax for 1976 of $98,864.18 and a deficiency in her income tax for 1977 of $223,080.75. Because of concessions by both parties, the only issue for our determination is the proper method of computing the deduction under section 691(c)[1] for estate tax attributable to income in respect of a decedent where there is a formula maximum marital deduction bequest.

This case was submitted under Tax Court Rule 122. The stipulations and attached exhibits are incorporated herein by this reference. Nelle W. Kincaid (hereinafter Mrs. Kincaid) resided in Lexington, Kentucky, when her petition was filed.

Mrs. Kincaid was the widow of Garvice Kincaid, who died on November 21, 1975. Mrs. Kincaid died during the pendency of these proceedings, and her estate was substituted as party petitioner. Mr. Kincaid's employment contract with Kentucky

---

[1]All references to sections are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.

Finance Co. (KFC) provided that his annual bonus payments were to continue after his death and were to be paid to Mrs. Kincaid. The value of the right to the KFC payments was includable in Mr. Kincaid's gross estate and was eligible for the marital deduction provided by section 2056(a).

Most of Mr. Kincaid's other property was bequeathed to a trust. After payment of taxes, debts, and the expenses of administering his estate, the trust property was divided into a "marital part" and a "nonmarital part." The "marital part" consisted of property equal in value to the maximum deduction allowable to his estate less the value of non-trust property includable in his gross estate which passed to Mrs. Kincaid and qualified for the marital deduction. The KFC payments were such non-trust property. Thus, the value of the right to the KFC payments was subtracted from the maximum marital deduction in determining the "marital part." The "marital part" passed to Mrs. Kincaid and was eligible for the marital deduction. The "nonmarital part" consisted of the remainder of the trust property. From the notice of deficiency in the estate tax for Mr. Kincaid's estate and from his estate tax return, there can be no dispute that there were other assets in his estate which would have qualified to fund "the marital part" which were not income in respect of a decedent.

Mrs. Kincaid received $153,120.41 in 1976 and $237,011.63 in 1977 pursuant to the KFC contract. She did not report all of those payments on her income tax returns for those years. The parties now agree that the payments are income in respect of a decedent (IRD) and are includable in Mrs. Kincaid's gross income under section 691(a). They disagree, however, about the amount of the deduction allowable to her under section 691(c)(1)(A)[2] as a consequence of including the KFC payments in her gross income.

The section 691(c)(1)(A) deduction is computed by creating a fraction in which the numerator is the IRD received by Mrs.

---

[2] SEC. 691(c). DEDUCTION FOR ESTATE TAX.—

(1) ALLOWANCE OF DEDUCTION.—

(A) GENERAL RULE.—A person who includes an amount in gross income under subsection (a) shall be allowed, for the same taxable year, as a deduction an amount which bears the same ratio to the estate tax attributable to the net value for estate tax purposes of all the items described in subsection (a)(1) as the value for estate tax purposes of the items of gross income or portions thereof in respect of which such person included the amount in gross income (or the amount included in gross income, whichever is lower) bears to the value for estate tax purposes of all the items described in subsection (a)(1).

Kincaid during the year and included in her income and in which the denominator is the value of all IRD included in Mr. Kincaid's gross estate. That fraction is multiplied by the estate tax attributable to all IRD included in his gross estate. The result is the section 691(c)(1)(A) deduction. *Chastain v. Commissioner*, 59 T.C. 461, 464 (1972); *Findlay v. Commissioner*, 39 T.C. 580 (1962), affd. on this issue 332 F.2d 620 (2d Cir. 1964).

The focus of the controversy here is how to calculate the estate tax attributable to the KFC payments pursuant to section 691(c)(2)(C).[3] This section defines the amount of estate tax attributable to the KFC payments to be the difference between the actual estate tax and the estate tax computed without including the KFC payments in the gross estate (recomputed tax). Thus, one must recompute the estate tax by excluding from the value of the gross estate the value of the KFC payments. The heart of the dispute is the effect the exclusion of the KFC payments has on the recomputed marital deduction.

Respondent, relying on Rev. Rul. 67–242, 1967–2 C.B. 227, which in turn relies on section 1.691(c)–1(a)(2), and section 1.691(d)–1(e), example (2), Income Tax Regs., contends that the proper method of recomputation is to subtract from both the gross estate and the marital deduction the KFC payments. This method produces a marital deduction less than the maximum allowed by the 50 percent of the adjusted gross estate limitation.[4] It also produces no change in the taxable estate, because the reduction in the gross estate is equaled by the reduction in the marital deduction and, therefore, the estate tax remains

---

[3]SEC. 691(c). DEDUCTION FOR ESTATE TAX.—

*    *    *    *    *    *    *

(2) METHOD OF COMPUTING DEDUCTION.—For purposes of paragraph (1)—

*    *    *    *    *    *    *

(C) The estate tax attributable to such net value shall be an amount equal to the excess of the estate tax over the estate tax computed without including in the gross estate such net value.

[4]Under sec. 2056(c) as in effect during the year in question, the maximum marital deduction was limited to 50 percent of the value of the adjusted gross estate.

This section was repealed by the Economic Recovery Tax Act of 1981, Pub. L. 97–34, 95 Stat. 301, sec. 403(a)(1)(A), applicable to estates of decedents dying after Dec. 31, 1981, thus allowing an unlimited marital deduction. If the unlimited marital deduction is used, there is no tax on the estate of the first spouse to die (and thus no reduction in tax in the recomputation) and no marital deduction in the estate of the last to die (because there is no surviving spouse). Thus, the dispute presented in this case would not arise.

the same. Petitioner contends that the full maximum marital deduction subject only to the 50 percent of adjusted gross estate limitation should be allowed in recomputing the estate tax. Petitioner relies on the testamentary documents which call for a maximum marital deduction bequest based on a formula and on the fact that there are sufficient non-IRD assets in the estate to fully fund this formula marital deduction.

As the following table shows, these approaches produce substantially different results:

|  | Actual[5] computation | Petitioner's recomputation | Respondent's recomputation |
|---|---|---|---|
| Gross estate | $1,000,000 | $900,000 | $900,000 |
| Adjusted gross estate | 1,000,000 | 900,000 | 900,000 |
| Marital deduction | (500,000) | (450,000) | 400,000 |
| Exemption | (60,000) | (60,000) | (60,000) |
| Taxable estate | 440,000 | 390,000 | 440,000 |
| Estate tax | 126,500 | 100,500 | 126,500 |
| Sec. 691(c)(1)(A) deduction | - - - | 16,000 | 0 |

The purpose behind section 691 is to provide a deduction to those required to include IRD in their gross income to offset, at least in part, the estate tax which was attributable to the inclusion of that IRD in the gross estate of a decedent. S. Rept. 1622, 83d Cong., 2d Sess. 87–89 (1954); H. Rept. 1337, 83d Cong., 2d Sess. 64–65 (1954); *Estate of Sidles v. Commissioner*, 65 T.C. 873, 883 (1976), affd. without published opinion 553 F.2d 102 (8th Cir. 1977). Although there is no guidance in the statute or the legislative history on the specific point at issue here, we conclude that petitioner's method is consistent with the purpose of the statute. The formula bequest here required that Mrs. Kincaid receive property equal in value to the maximum marital deduction out of the assets of the estate available for distribution. In the recomputation there is no IRD available in the recomputed gross estate to satisfy the marital bequest. The bequest, therefore, by its own terms, must be funded to its full extent by non-IRD property.

---

[5]The tax on Mr. Kincaid's estate is disputed and is pending before the Court in docket No. 15773–79. Because the estate tax case is unresolved, we use the following assumptions to illustrate the difference between the parties' approach: (1) The actual gross estate was $1 million; (2) the actual adjusted gross estate was $1 million; (3) the actual marital deduction was $500,000; (4) the right to the KFC payments was worth $100,000, and was the only item of income in respect of a decedent in the gross estate.

This method fits more logically into the scheme of the statute. The value of KFC payments was included in Mr. Kincaid's estate and taxed there. Even though the payments went to the marital share, there were other assets which could have funded the marital share to fully fund the formula maximum marital deduction bequest. The other assets which were allocated to the nonmarital share were subject to tax. The important fact is that the existence of the IRD produced additional estate tax on Mr. Kincaid's estate. The allocation of assets as between marital and nonmarital shares should be irrelevant to the discussion. Therefore, logically, it must be concluded that the surviving spouse is entitled to some deduction for the excess estate tax paid because of the inclusion of the IRD in the estate. This conclusion should not be nullified by the happenstance that the IRD passed to the marital share rather than the nonmarital share.

Respondent relies on Rev. Rul. 67–242, 1967–2 C.B. 227, which in turn relies on section 1.691(c)–1(a)(2), Income Tax Regs. Initially, we note that revenue rulings represent only the conclusions of respondent and do not have the force and effect of a Treasury regulation. *Helvering v. New York Trust Co.*, 292 U.S. 455 (1934). Moreover, the revenue ruling involves a specific marital bequest rather than a formula bequest. Respondent also relies on section 1.691(d)–1(e), example (2), in the regulations which assumes that the only qualifying gift to the spouse is an annuity, a portion of which constitutes the IRD. The example does not specifically address the issue of the recomputed marital deduction but rather is used to illustrate the application of section 691(d) involving a joint and survivor annuity contract. Neither the revenue ruling nor the example in the regulations should control the result of this case which involves a formula maximum marital deduction bequest. Our holding is entirely consistent with section 1.691(c)–1(a)(2), Income Tax Regs., which provides:

In computing the estate tax without including the [income in respect of a decedent] in the gross estate, any estate tax deduction (such as the marital deduction) which may be based upon the gross estate shall be recomputed so as to take into account the exclusion of the [income in respect of a decedent] from the gross estate.

Under our method, the marital deduction does not include IRD and is also limited to 50 percent of the recomputed gross estate, as required by section 2056.

Respondent also relies on dicta in *Chastain v. Commissioner, supra*. That case involved the recomputation of the tax on an estate which was distributed as follows: first, $1 million, which was paid in part out of IRD to the decedent's son; second, several other specific bequests; and third, the residue to a charitable foundation. The Court found that the correct recomputation under section 691(c)(2)(C) required the elimination of the IRD from the gross estate without otherwise changing the amount of the residuary bequest that was actually paid to the foundation. In that case, respondent relied on Rev. Rul. 67–242 and section 1.691(c)–1(a)(2) and example (2) in section 1.691(d)–1(e), Income Tax Regs., to support his argument that the residuary bequest should be recast to account for the exclusion of the IRD which passed to the son. The Court in rejecting the relevancy of the ruling and the regulations to the case at hand stated that "[the] recomputation * * * assumes as fact only the elimination of the section 691 items; there is no assumption of any modification of any gift to the surviving spouse (except to the extent that a 691 item may have been part of the bequest to that spouse)," and all statutory rules "governing the determination of the amount of the marital deduction" apply in the recomputation of the tax. 59 T.C. at 467–468. Respondent relies on this language to support his argument. However, neither the revenue ruling nor the regulations address the problem of a formula maximum marital deduction bequest. The facts in *Chastain* did not involve such a bequest, and the Court recognized that the marital deduction situation is different from the case presented before it:

It is * * * fallacious to treat the residuary charitable bequest as comparable to the marital deduction. The marital deduction involves merely a *computation* based upon certain assumed facts. The charitable deduction, on the other hand, depends upon the amount actually bequeathed to the charitable beneficiary * * *. [59 T.C. at 468; emphasis in original.]

Therefore, we do not believe our holding is inconsistent with the holding in *Chastain*.

It is not clear from the record whether an issue still exists with respect to income in respect of a decedent which may have passed to someone other than petitioner, and its effect on the section 691(c)(1)(A) deduction. If there are such items of IRD, they should be taken into account in computing Mrs. Kincaid's section 691(c)(1)(A) deduction. *Findlay v. Commissioner, supra.*

*Decision will be entered under Rule 155.*