JOHN ED and MARY A. McCAULEY; AND PAT G. AND VICKIE MORGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCauley v. Commissioner
Docket No. 1007-85.
United States Tax Court
T.C. Memo 1988-431; 1988 Tax Ct. Memo LEXIS 464; 56 T.C.M. (CCH) 134; T.C.M. (RIA) 88431; September 13, 1988. James H. Rice, for the petitioners. Thomas J. Miller, for the respondent. GOFFE
MEMORANDUM *468 OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income taxes and additions to tax under section 6653(b)[1] as follows: Taxable
Addition to Tax
Petitioners
Year
Deficiency
under sec. 6653(b) [2]
John Ed and
1980
--
[3] $ 337,580.53   Mary A. McCauley
1981
$ 1,259,162.98
771,493.74   John Ed McCauley
1982
780.00
--       Pat G. and
Vickie Morgan
1978
5,867.00
--       Pat G. Morgan
1980
780,109.11
390,054.56   1981
1,427,307.71
713,653.86   1982
780.00
--       *469 After concessions, the issues remaining for decision are: (1) Whether we have jurisdiction to decide if an increase in tax pursuant to section 481(a) which is reduced by reason of a net operating loss carryback is subject to the interest provision of section 6601(d)(1), and if we do, whether the increase is so subject; and (2) whether an increase in taxable income pursuant to section 481(a) can be reduced by a net operating loss carryback before computation of the section 6653(a)(1) addition to tax. This case was submitted fully stipulated under Rule 122. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioners resided in Oklahoma City, Oklahoma, at the time they filed their petition. Petitioners, John Ed and Mary A. McCauley, filed joint Federal income tax returns for the taxable years 1980 and 1981. Petitioner, John Ed McCauley, filed an individual Federal income tax return for the taxable year 1982. Petitioners, Pat G. and Vickie Morgan, filed a joint Federal income tax return for the taxable year 1978. Petitioner, Pat G. Morgan, filed individual Federal income tax returns for the taxable years 1980, 1981, and 1982. On *470 their Federal income tax return for the taxable year 1981, John Ed and Mary A. McCauley reported taxable income of $ 48,871. Their taxable income should be increased by $ 2,512,300 for partnership income from the Top Hand Tool and Supply Company. Of this amount, $ 2,325,269 is attributable to a change in accounting method under section 481. Their taxable income should also be increased by $ 189 for dividend income annd decreased by $ 16,358 for excess itemized deductions. Their correct self-employment tax is $ 2,762. They have investment tax credit of $ 7,199, $ 3,733 of which is a carryover from the taxable year 1980 and $ 53 of which is a carryback from the taxable year 1982. They have a new jobs tax credit of $ 2,263, which is a carryover from the taxable year 1980. John Ed McCauley incurred net operating losses of $ 1,483,864 for the taxable year 1982, $ 1,317,926 for the taxable year 1983, and $ 28,301 for the taxable year 1984. On his Federal income tax return for the taxable year 1981, Pat G. Morgan reported taxable income of $ 6,685. His taxable income should also be increased by $ 485 for dividend income. His correct self-employment tax is $ 2,762. He has investment *471 tax credit of $ 2,967, $ 53 of which is a carryback from the taxable year 1982. He also has investment tax credit recapture of $ 298. He incurred a net operating loss of $ 1,536,269 for the taxable year 1982, $ 1,531,744 of which remains available for use. He also incurred net operating losses of $ 1,317,926 for the taxable year 1983, and $ 28,301 for the taxable year 1984. The first issue which petitioners raise deals with the computation of interest on the deficiency for the taxable year 1981. Section 6601(a) sets forth the general rule that if any amount of tax is not paid on or before the last date prescribed for payment, the taxpayer shall pay interest on such amount for the period from such last date to the date paid. Section 6601(d)(1) provides that reduction of an unpaid tax by the carryback of a net operating loss does not affect the computation of interest for the period ending with the filing date for the taxable year in which the net operating loss arises. In effect, the tax is treated as paid on the filing date for the taxable year in which the net operating loss arises. Petitioners contend that section 6601(d)(1) is not applicable because the increase in tax *472 pursuant to section 481(a) is not reduced by reason of net operating loss carryback under section 172, but by virtue of the recomputation of taxable income after a change in accounting method under section 481. Respondent contends that this Court lacks jurisdiction to consider this issue. It is well settled that the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by statute. Sec. 7442; Commissioner v. Gooch Milling & Elevator Co.,320 U.S. 418, 420-422 (1943); Judge v. Commissioner,88 T.C. 1175, 1180-1181 (1987). As a general rule, this Court lacks jurisdiction over issues involving interest. See, e.g., Standard Oil Co. v. McMahon,244 F.2d 11, 13 (2d Cir. 1957); Commissioner v. Kilpatrick's Estate,140 F.2d 887, 888-889 (6th Cir. 1944), affg. a Memorandum Opinion of this Court; 508 Clinton Street Corp. v. Commissioner,89 T.C. 352, 354 (1987); LTV Corp. v. Commissioner,64 T.C. 589, 597 (1975). There are exceptions to our lack of jurisdiction in respect of interest in certain specific situations, such as those *473 involving interest on a jeopardy assessment, Papa v. Commissioner,55 T.C. 1140, 1143 (1971); interest liability of a transferee, Lowy v. Commissioner,35 T.C. 393 (1960); or interest which is part of an overpayment, Estate of Baumgardner v. Commissioner,85 T.C. 445, 458-459 (1985). The issue presented herein, however, does not involve any of the recognized exceptions. Petitioners, nevertheless, contend that we do have jurisdiction to decide the issue. Petitioners contend that strict adherence to the traditional rule regarding jurisdiction over interest will leave them in a far more unjust "catch-22" situation than the one confronting the taxpayer in Estate of Baumgardner v. Commissioner, supra. In that case the estate filed a return and elected to pay the estate tax in installments pursuant to section 6166A. The Internal Revenue Service sent the estate detailed bills, specifically allocating the tax and interest components of each payment, which the estate paid without exception. The Commissioner subsequently issued a statutory notice of deficiency to the estate and the estate filed a timely petition with *474 this Court. The case was ultimately settled so as to eliminate the deficiency entirely and further reduce the tax liability to less than the amount originally paid by the estate. The estate claimed that the overpayment should take into account the interest overpaid on the section 6166A installments. Respondent maintained that the overpayment was limited to tax and that the estate had to bring a separate action in a District Court or the Claims Court in order to obtain a refund of overpaid interest. We perceived respondent's argument as leaving taxpayers in a "catch-22" where interest was overpaid and the period of limitations on claiming a refund of the interest had run. Estate of Baumgardner v. Commissioner, supra at 453. That is not the situation in the instant case. Petitioners recognize that they are not precluded from paying the interest and instituting a refund suit in the District Court or the Claims Court. Petitioners argue, however, that the amount of interest involved is considerable, that full payment is almost certain to be impossible, and that, if they do not have their day in court here, they will not have one at all. Petitioners assert that *475 this violates their Fifth Amendment right not to be deprived of property without due process of law. Petitioners fail to provide us with any authority for this proposition. Our research reveals that it is well settled that the post-collection judicial review afforded by the refund suit satisfies the due process requirements of the Constitution. Phillips v. Commissioner,283 U.S. 589, 595-599 (1931); Martinez v. Internal Revenue Service,744 F.2d 71, 72 (10th Cir. 1984); [4]Lewin v. Commissioner,569 F.2d 444, 445 (7th Cir. 1978), affg. a Memorandum Opinion of this Court; Hradesky v. Commissioner,540 F.2d 821, 823 n.2 (5th Cir. 1976), affg. 65 T.C. 87 (1975); Brown v. Lethert,360 F.2d 560, 561 (8th Cir. 1966). The inability to have one's case heard in the Tax Court is not a denial of due process. Wilson v. Commissioner,564 F.2d 1317, 1319 (9th Cir. 1977), affg. in part and dismissing in part unreported orders of this Court. *476 Respondent relies upon LTV Corp. v. Commissioner, supra. In that case, respondent determined deficiencies for the taxable years 1965 and 1966. Respondent conceded that there were sufficient net operating losses for the taxable years 1968 and 1969 to eliminate the deficiencies for the taxable years 1965 and 1966. The taxpayer argued that respondent's concession of no deficiency for the taxable years before the Court did not eliminate the controversy dividing the parties. The taxpayer noted that the impact of the controversy on future years, as well as the substantial interest associated with the pre-carryback deficiencies for the taxable years 1965 and 1966, provided the parties with a real stake in a present controversy involving issues ripe for decision. We held that a resolution of the continuing controversy would not affect the decision in the taxable years before the Court and would simply provide an advisory opinion declarative of the size of a deduction the taxpayer would be able to utilize in future years. *477 LTV Corp. v. Commissioner, supra at 595. We also held that it was inappropriate to resolve issues relative to the taxable years 1965 and 1966 that had no bearing on the deficiency solely to resolve interest issues when we have no jurisdiction over interest. LTV Corp. v. Commissioner, supra at 597. Petitioners attempt to distinguish LTV Corp. v. Commissioner, supra, upon the basis that in that case the taxpayer requested a factual determination of the precise amount of the net operating losses incurred for the taxable years 1968 and 1969, years for which a statutory notice of deficiency had not been issued. Petitioners argue that all they seek is a decision as to whether, as a matter of law, section 6601(d)(1) applies to the taxable year 1981, a year for which a statutory notice was issued. However, in LTV Corp. v. Commissioner, supra, the taxpayer also requested that we resolve issues in order that the differences between the parties over interest computations relative to the taxable years 1965 and 1966 could be resolved. This we declined to do because of the general rule that we have no jurisdiction over interest. *478 LTV Corp. v. Commissioner, supra at 597. Petitioners are requesting that we do what we would not do in LTV Corp. v. Commissioner, supra -- resolve an issue in order that interest can be computed for the taxable year in issue. Petitioners assert that this Court in the exercise of its discretion and in the interest of justice, may decide substantive issues even when it is firmly established that the ultimate result would be no deficiency for the taxable year before the Court, citing Jones v. Commissioner,79 T.C. 668 (1982). Petitioners then assert that we should exercise our discretion and decide the issue because judicial economy requires all issues be tried and settled in one proceeding. In Jones v. Commissioner, supra, the taxpayers incurred a net operating loss for the taxable year 1974 which they claimed on their Federal income tax return for the taxable year 1975. The Commissioner subsequently mailed a statutory notice of deficiency to the taxpayers for the taxable years 1971 and 1973. The taxpayers claimed that their 1974 net operating loss was sufficient to eliminate the deficiencies determined for the *479 taxable years 1971 and 1973. Respondent notified the taxpayers that their claims for net operating loss carryback deductions for the taxable years 1971 and 1973 would not be disallowed. The taxpayers moved for summary judgment on the ground that there was no issue remaining for resolution which could affect the existence or amount of deficiencies for the taxable years 1971 and 1973. The period of limitations for assessment and collection of a deficiency for the taxable year 1975 had expired. We held that we were not precluded from calculating the pre-carryback deficiencies and the net operating loss deductions allowable because, absent such a determination, [5] respondent would be precluded from asserting a deficiency for the taxable year 1975 pursuant to the mitigation provisions of sections 1311 through 1314, to prevent a double allowance of the taxpayers' 1974 net operating loss. Jones v. Commissioner, supra at 674. We were not resolving issues for purposes of computing interest. *480 We conclude that we do not have jurisdiction to adjudicate the issue. We are not unsympathetic to petitioners' plight and recognize that it would be more efficient for the matter to be disposed of in this proceeding, which properly commenced with a challenge to the underlying deficiencies determined by respondent. However, our lack of jurisdiction in this respect has become firmly established. The next issue for decision deals with the computation of the addition to tax pursuant to section 6653(a)(1) for the taxable year 1981. Section 6653(a)(1) provides that, if any part of any underpayment is due to negligence or intentional disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Petitioners concede that they are liable for the addition to tax under section 6653(a)(1) on any underpayments determined by the Court for the taxable year 1981. However, petitioners contend that there are no underpayments for the taxable year 1981. Respondent contends that there are no underpayments only because of net operating loss carrybacks and that we have previously held that a taxpayer cannot utilize a net operating loss carryback *481 when computing the addition to tax under section 6653(a)(1). [6] Petitioners assert that this rule is appliable only if taxable income is reduced by the direct application of a net operating loss carryback under section 172. Petitioners contend that their taxable incomes for the taxable year 1981 are determined under section 481. [7] Petitioners assert that under section 481 their net operating losses, despite offsetting the increase in taxable income for the taxable year 1981, are still available to offset taxable income in other years and, therefore, their taxable incomes were not reduced by the direct application of a net operating loss carryback under section 172. Section 481(a) provides that if a taxpayer changes his accounting method, he must take into account those adjustments in the year of the change that are necessary to prevent amounts from being *482 duplicated or omitted as a result of the change. The increase in tax attributable to the adjustments is the excess of the tax for the taxable year computed by taking into account the adjustments over the tax computed for the taxable year without taking the adjustments into account. Sec. 1.481-2(c)(1), Income Tax Regs. This increase in tax is subject to two limitations set forth in section 481(b). Petitioners do not explain how under section 481 they are able to utilize their net operating losses to eliminate the adjustments for the taxable year 1981, and also utilize the same net operating losses to offset taxable income in other years. The language of section 481 does not lend itself to such an interpretation and we reject such an interpretation because it would allow a taxpayer to utilize his net operating loss twice. If a taxpayer utilizes a net operating loss to offset an increase in taxable income pursuant to section 481(a), it is by virtue of section 172 and that same net operating loss is not also available to offset taxable income in other years. Petitioners rely upon *483 Rev. Rul. 64-245, 1964-2 C.B. 130. In the ruling, the taxpayer's method of accounting was changed and the adjustments made pursuant to section 481(a) resulted in a substantial increase in taxable income for the taxable year 1960. In 1961, the taxpayer incurred a net operating loss. The issue involved was whether the net operating loss should be taken into account before or after computing the limitation on tax provided in section 481(b)(1). Section 418(b) provides two limitations to moderate the effect of the bunching of income in the year of the change if the net adjustments increase taxable income by more than $ 3,000. If the taxpayer used his former method of accounting for the two taxable years preceding the year of the change, the increase in his tax liability for the year of the change attributable to the adjustments shall not be greater than the aggregate increase in taxes which would result if one-third of the increase in taxable income was included in taxable income for the year of the change and one-third in each of the two preceding taxable years. Sec. 481(b)(1); sec. 1.481-2(a), Income Tax Regs. If the taxpayer can establish his taxable income under the *484 new method of accounting for one or more taxable years consecutively preceding the year of the change, the increase in his tax liability for the year of the change attributable to the adjustments shall not be greater than the net increase in taxes that would result if the adjustments were allocated to the preceding years to which they are properly allocable, and the balance of the adjustments were allocated to the year of the change. Sec. 481(b)(2); sec. 1.481-2(b), Income Tax Regs.[8]
The ruling concludes that the net operating loss should be carried back in accordance with section 172 before the limitation on tax provided by section 481(b)(1) or (2) is computed. [9] The ruling specifically states: The computation under section 481(b)(1) of the Code is made with reference to the taxable income of the year of the change and the two preceding taxable years. Section 161 of the Code provides that (among other deductions) the net operating *485 loss deduction allowed under section 172(a) of the Code shall be allowed as a deduction in computing taxable income under section 63(a) of the Code. Thus, in determining correct taxable income, it is necessary to take into consideration the 1961 net operating loss, which under section 172(b)(1)(A) of the Code is available as a carryback beginning with taxable year 1958. In view of the foregoing, it is held that any net operating loss carryback must be taken into account before computing the limitation on tax provided in section 481(b)(1) of the Code. The same result would follow if the taxpayer had been able to meet the requirements of section 481(b)(2) of the Code which is applicable only where the taxpayer can establish taxable *486 income for prior years under the new method of accounting. * * * [Rev. Rul. 64-245, supra at 131.]
We do not interpret the ruling as supporting petitioners' contention. Petitioners advance no argument as to why an increase in taxable income pursuant to section 481(a) should be treated differently than any other increase in taxable income. We conclude, therefore, that an increase in taxable income pursuant to section 481(a) cannot be offset by a net operating loss carryback before computation of the section 6653(a)(1) addition to tax. To reflect the foregoing and the concessions of the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court. ↩
2. Respondent concedes the additions to tax under sec. 6653(b) and petitioners concede that they are liable for the addition to tax under sec. 6653(a)(1)↩ on any underpayment determined by the Court for the taxable year 1981. 3. Respondent computed this addition without the benefit of a net operating loss carryback, apparently in reliance upon Auerbach Shoe Co. v. Commissioner,21 T.C. 191 (1953), affd. 216 F.2d 693 (1st Cir. 1954), and his own published views. See Rev. Rul. 173, 1953-2 C.B. 227, amplified by Rev. Rul. 84-106, 1984-2 C.B. 312↩. 4. In Martinez v. Internal Revenue Service,744 F.2d 71 (10th Cir. 1984), the taxpayers sought a refund of an income tax penalty imposed by the Commissioner pursuant to sec. 6702 for filing their Federal income tax return for the taxable year 1982 without providing any information from which tax liability could be computed. The District Court concluded that the blanket Fifth Amendment assertion was invalidated by their failure to add any information from which tax liability could be calculated. On appeal, the taxpayers claimed that they properly asserted their Fifth Amendment privilege and that they were denied due process because no hearing preceded the imposition and payment of a penalty. The Tenth Circuit (the Court to which the decision in the instant case is appealable) summarily disposed of the taxpayers' arguments and in light of the taxpayers' legally frivolous arguments, imposed double costs and attorney's fees against them. Martinez v. Internal Revenue Service, supra↩ at 72-73. 5. One of the prerequisites for the application of the mitigation provisions is a determination, as defined in sec. 1313(a). Money v. Commissioner89 T.C. 46, 48↩ (1987). A determination includes a decision of the Tax Court which has become final. Sec. 1313(a)(1). 6. See Blanton Coal Co., Inc. v. Commissioner,T.C. Memo. 1984-397. Cf. Auerbach Shoe Co. v. Commissioner,21 T.C. 191 (1953), affd, 216 F.2d 693↩ (1st Cir. 1954). 7. We point out that not all the agreed increases to petitioners' taxable income are attributable to sec. 481↩. 8. In addition, sec. 481(c) and sec. 1.481-5, Income Tax Regs., provide that the adjustments required by sec. 481(a)↩ may be taken into account in any manner and subject to such conditions as may be agreed to by the Commissioner and the taxpayer. 9. Under sec. 481(b)(3), the taxpayer shall take into account the increase or decrease in tax for any taxable year preceding the year of the change to which no adjustment is allocated under sec. 481(b)(1) or (2) but which is affected by a net operating loss or capital loss carryback or carryover determined with reference to taxable years to which adjustments under sec. 481(b)(1) or (2) are allocated. See sec. 1.481-2(d)↩ Ex. 4, Income Tax Regs.