T.C. Memo. 2017-141

UNITED STATES TAX COURT

KENAN TURAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15323-15.                    Filed July 17, 2017.

Kenan Turan, pro se.

<u>Michael R. Harrel</u>, <u>Doreen Marie Susi</u>, and <u>Rachael J. Zepeda</u>, for

respondent.

MEMORANDUM FINDING OF FACT AND OPINION

NEGA, <u>Judge</u>:  Respondent determined a deficiency of $45,454 in

petitioner's Federal income tax for 2013 and an accuracy-related penalty of

$9,091 pursuant to section 6662(a).[1]

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure.

(continued...)

**[\*2]** After concessions, the issues remaining for decision are: (1) whether the calculation of petitioner's capital gain and or loss on sales of Federal National Mortgage Association (FNMA) stock requires the use of the first-in-first-out (FIFO) method to determine petitioner's per-share cost basis and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a).[2]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed his petition with this Court, petitioner resided in Arizona. During 2013 petitioner was primarily employed as a real estate agent, but he also worked as a paid income tax return preparer and routinely traded on the stock market.

Petitioner traded on the stock market through a personal brokerage account with Scottrade, Inc. As is standard for electronic brokerage firms, Scottrade held custody of petitioner's stocks in street name and served as his trading agent.

---

[1](...continued)
All section references are to the Internal Revenue Code in effect for the year at issue. All amounts are rounded to the nearest dollar.

[2]Petitioner concedes all amounts determined by respondent in the notice of deficiency with the exception of the basis values used to calculate the amount realized on petitioner's sales of FNMA stock. Respondent concedes that petitioner is entitled to a wash sale basis carryover from tax year 2012.

[*3] Scottrade uses the FIFO method to determine the tax basis and calculate gains or losses unless a client directs otherwise. Scottrade issues a monthly transaction statement to its clients. This statement includes a conspicuous notification alerting Scottrade's clients to the firm's default use of the FIFO method. The notification informs those of Scottrade's clients who wish to use a different method for determining basis that they may do so by directing Scottrade to do so.

During 2013 petitioner maintained a diverse portfolio of marketable stocks, but nearly all his trading positions were short term. This short term strategy was reflected in his frequent purchases of small blocks of stock, followed by a sale of an identical amount later that day or that week. That March, however, petitioner took a long-term investment position when he purchased approximately 100,000 shares of FNMA stock, a position he maintained throughout 2013.

Petitioner's FNMA stocks were identical but for the time and cost at which he acquired them. Petitioner never requested that Scottrade determine his tax bases in these shares by any means other than the default FIFO method.

During 2013 petitioner made a total of 51 stock sales through his Scottrade account; 16 of those sales were of FNMA stock. Scottrade regularly issued to petitioner monthly account statements and Forms 1099-B, Proceeds From Broker and Barter Exchange Transactions, for these sales. Scottrade similarly provided

**[*4]** respondent with an accounting of petitioner's transactions. When petitioner prepared his Federal income tax return for 2013, however, he failed to report any gains or losses from these sales and declined to include a Schedule D, Capital Gains and Losses, with his return.

Scottrade's third-party reporting gave rise to the notice of deficiency in this case, from which petitioner filed a timely petition with this Court. Petitioner concedes all determinations in the notice of deficiency except the basis values respondent used to determine petitioner's gains or losses on his sales of FNMA stock.

OPINION

I.    Determining Petitioner's Bases in FNMA Stock

As relevant here, basis is the cost incurred by taxpayers when acquiring property. Sec. 1012. When taxpayers sell shares of stock, they must compute their tax gain or loss by finding the difference between their cost basis and amount realized. Sec. 1001(a).

As a general rule, when taxpayers hold multiple lots or shares of identical stock, they must compute their gains or losses against the basis of those shares actually sold, not the shares the taxpayer intended to sell. Davidson v. Commissioner, 305 U.S. 44, 46 (1938). As this rule may prove onerous for high-

**[*5]** volume or high-frequency traders, regulations have been promulgated to provide relief. Under the regulations, by default, taxpayers owning blocks of identical stock acquired on different dates or for different prices determine their stock's basis by using the FIFO method. Sec. 1.1012-1(c)(1), Income Tax Regs.

If taxpayers can adequately identify the specific shares of stock they wish to sell or transfer, the regulation permits taxpayers to opt out of the default regime and use the basis correlated to those specifically identified shares. Id. When securities are left in the custody of a broker, taxpayers wishing to avoid use of the FIFO method must direct their broker accordingly, and adequately identify the particular shares they wish to sell. Id. subparas.(2) and (3)(i).

In such a situation a taxpayer will be considered to have adequately identified shares if (a) the taxpayer at the time of the sale designates a particular lot or lots to be sold and (b) the broker confirms the taxpayer's instructions in a writing within a reasonable time thereafter. Id. subpara. (3); see Concord Instruments Corp. v. Commissioner, T.C. Memo. 1994-248, 1994 Tax Ct. Memo LEXIS 244, at *84-*89 (regulation is a safe harbor--illustrative, not exclusive-- and standing orders to a broker may suffice). Adequate identification, by whatever means made, must be timely in relation to the sale: "no later than the earlier of the settlement date or the time for settlement required by Rule 15c6-1

**[\*6]** under the Securities Exchange Act of 1934, 17 CFR 240.15c6-1 (or its successor)." Sec. 1.1012-1(c)(8), Income Tax Regs.

The Commissioner's determinations are presumed correct, and taxpayers bear the burden of proving otherwise. Rule 142(a). To avoid the default FIFO operation, the taxpayer bears the burden of proving that he adequately identified the stocks he wished sold. See Rule 142(a); Hall v. Commissioner, 92 T.C. 1027 (1989).

Petitioner argues that respondent and Scottrade both erred in failing to use the last-in-first-out (LIFO) method to determine the bases of his FNMA shares. Petitioner testified that in mid-2013 he attempted to inform Scottrade of his desire to use LIFO instead of FIFO, by way of their internet client portal, but was unable to do so because of an error on Scottrade's website. He stated that he phoned the firm in an attempt to work around this error, but received no assistance. Petitioner did not testify as to whether he ever again attempted to make this election for 2013 or otherwise contacted Scottrade during the seven months that followed his initial attempt.

Petitioner offered no documentation or other objective indicia to corroborate his claim of a computer error or any misfeasance on the part of Scottrade. Moreover, we find petitioner's testimony lacks credibility, especially in the light

**[*7]** of Scottrade's declaration indicating the company has no record of being contacted by or on behalf of petitioner, let alone with respect to directing the firm to determine his FNMA bases in any specific manner.

Petitioner has not suggested any applicable law or regulation that might otherwise authorize his use of any method other than FIFO to determine the bases of his shares at issue under the factual circumstances here presented.[3]

We find that petitioner never instructed his broker to administer his account using any method other than the regulatory default FIFO method, or otherwise adequately identified the specific stock to be sold at the time of sale. Respondent's determinations are sustained.

---

[3]A taxpayer may elect to use an averaged basis in computing gains and losses on his sale of stock in regulated investment companies or acquired in connection with a dividend reinvestment plan. Sec. 1.1012-1(e)(1)(i), Income Tax Regs. A taxpayer hoping to avail himself of this regulation should provide the custodian of his shares written direction of his intention to do so. Id. subpara. (9)(i).

At trial petitioner appeared to suggest, in the alternative, that he was entitled to use this average basis method. Petitioner presented no evidence suggesting his shares fall within the narrow categories contemplated by the regulation. And as stated supra, the record before us is devoid of any credible evidence indicating petitioner ever communicated to Scottrade his intention or desire to opt out of the default FIFO treatment.

**[\*8] II.**     <u>Section 6662(a) Penalty for Substantial Understatement of Tax</u>

A taxpayer is liable for the accuracy-related penalty as to any portion of an underpayment attributable to, among other things, a substantial understatement of income tax.[4]  Sec. 6662(a), (b)(2).  A substantial understatement exists when the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000.  Sec. 6662(d)(1).  The Commissioner bears the burden of production with respect to this penalty.  Sec. 7491(c).

Recognizing the concessions between the parties, we will order a determination of the exact amount of petitioner's understatement in a Rule 155 computation.  If this computation indicates petitioner substantially understated his income tax for 2013, then respondent has met his burden of production.  <u>See Prince v. Commissioner</u>, T.C. Memo. 2003-247.

---

[4]The accuracy-related penalty can also apply when the taxpayer's underpayment is attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1).  The notice of deficiency, however, asserted only a substantial understatement of income tax as the reason for imposing the sec. 6662(a) penalty. Respondent did not assert in his answer, nor advance at trial, any argument in support of the determination that petitioner was liable for the accuracy-related penalty on an alternative ground of negligence.  Accordingly, we consider only the issue raised in the notice of deficiency.

**[*9]**  Once the Commissioner meets his burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate because, for example, he or she acted with reasonable cause and in good faith.  Sec. 6664(c)(1); see Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-449 (2001).  The penalty will not apply to any portion of the underpayment where the taxpayer establishes he or she acted with reasonable cause and in good faith with respect to that portion.  Sec. 6664(c)(1).  The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, examining all the pertinent facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.  Generally, however, the most important factor is the extent of the taxpayer's effort to assess the proper tax liability.  Hansen v. Commissioner, 471 F.3d 1021, 1029 (9th Cir. 2006), aff'g T.C. Memo. 2004-269.

Petitioner did not challenge respondent's penalty determination in his petition or in any filing with the Court.  At trial petitioner alleged that an error embedded within Scottrade's website impeded his ability to make a FIFO/LIFO election.  To the extent this may be construed as a reasonable cause defense we are far from persuaded.  Petitioner's testimony as to this matter is not credible, uncorroborated, and controverted by the record.  Additionally, we note, petitioner's understatement arose from a failure to report a year's worth of stock

[*10] sales, not from a dispute as to the appropriate method for determining his tax bases.

Although Scottrade issued petitioner Form 1099-B for all of his stock sales, petitioner did not report these amounts. Petitioner attributes his failure to his belief that Scottrade erred in determining his bases and calculating his gains and losses. Petitioner did not attempt to contact Scottrade to request corrections, nor did he seek legal or professional advice or assistance in addressing these perceived errors or in ascertaining how to proceed in reporting these sales on his tax return for 2013. Rather he prepared his return, deciding to omit a Schedule D and declining to report any of his 51 stock sales for 2013, a total inclusive of the 35 transactions he has since conceded in this action.

When we consider his sophistication and--more concerning--his training and employment as a paid preparer of income tax returns, we find his failure characteristic of an unreasonably insufficient effort to ascertain his proper tax liability. See Carter v. Commissioner, T.C. Memo. 2010-111.

Under these circumstances, insofar as supported by the Rule 155 computation, we sustain respondent's determination of the accuracy-related penalty.

**[*11]**  To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
